**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jay Meilstrup, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANTS'** |
| | ) | **MOTION TO STAY** |
| vs. | ) | |
| | ) | Case No. 1:25-cv-162 |
| Standing Rock Sioux Tribe, | ) | |
| Standing Rock Tribal Council, | ) | |
| and Ryan Hertle, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendants' motion to stay filed on January 15, 2026. See Doc. No. 31. The Plaintiff filed a response in opposition to the motion on January 28, 2026. See Doc. No. 32. For the reasons set forth below, the motion is denied.

I.     **BACKGROUND**

Jay Meilstrup is a former employee of Standing Rock Sioux Tribe ("the Tribe"). He worked at Prairie Knights Casino as the Chief Executive Officer/General Manager. Prairie Knights Casino is owned by the Tribe. The factual details of this case are thoroughly explained in the Court's order granting in part and denying in part the Defendants' motion to dismiss filed on October 9, 2025. See Doc. No. 16. The Court incorporates by reference the factual background from the order on the Defendants' motion to dismiss.

Meilstrup initiated this action against Standing Rock Sioux Tribe, Standing Rock Tribal Council, and Ryan Hertle, the Chief Financial Officer of Prairie Knights Casino and the COBRA insurance plan administrator on July 8, 2025. See Doc. No. 1. Meilstrup brings a claim to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1001 *et seq*. He also brings common law claims including breach of contract, bad faith refusal to carry out a contract, and malicious representation of material facts.

On August 8, 2025, the Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On October 9, 2025, the Court issued an order granting in part and denying in part the Defendants' motion to dismiss. <u>See</u> Doc. No. 16. The Court denied the motion to dismiss Meilstrup's ERISA claim, finding that the Court has subject matter jurisdiction because 1) the Defendants' operation of a non-governmental health insurance plan waived their sovereign immunity as to Meilstrup's ERISA claim, and 2) federal and state courts have jurisdiction over ERISA claims and the Tribal Court does not have jurisdiction over Meilstrup's ERISA claim. The Court granted the Defendants' motion to dismiss Meilstrup's common law claims because 1) Meilstrup did not plead a waiver of sovereign immunity, 2) the Tribal Court has jurisdiction over Meilstrup's common law claims under *Montana v. United States*, 450 U.S. 544 (1981); and 3) the employment contract between Meilstrup and the Tribe provided for Tribal Court jurisdiction for claims arising out of the contract, which includes Meilstrup's common law claims.

## II.    <u>LEGAL ANALYSIS</u>

The Defendants request the Court stay this matter pending resolution of a case pending in the Standing Rock Sioux Court ("Tribal Court"). On October 24, 2025, the Tribe filed a declaratory action in Tribal Court, seeking a ruling on the alleged gross misconduct by Meilstrup. The Defendants argue that Meilstrup pled the sole issues remaining in this case in a closely related case ("the Tribal Court case") in Tribal Court. According to the Defendants, Meilstrup filed a counterclaim in the Tribal Court case that now requires the parties to litigate his ERISA claims in

Tribal Court. Meilstrup opposes the motion to stay this case. Meilstrup argues a stay would be futile because the Tribal Court lacks jurisdiction over his ERISA claims.

The Defendants argue this Court should stay this case because of the abstention doctrine. Abstention is a judge-made doctrine that allows a federal court to abstain from exercising its jurisdiction when parallel state court proceedings are pending and doing so would result in the conservation of judicial resources.  See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). "Generally, a federal district court must exercise its jurisdiction over claims unless there are 'exceptional circumstances' for not doing so."  Brigham Oil & Gas L.P. v. N.D. Bd. of Univ. & Sch. Lands, 866 F. Supp. 2d 1082, 1087 (D.N.D. 2012).  "Federal courts . . . have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."  Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (internal quotations omitted).  Where jurisdiction to hear a case exists, a federal court's "obligation" to hear and decide a case is "virtually unflagging."  Id.

There are no exceptional circumstances in this case that warrant a stay. In the Court's order on the Defendants' motion to dismiss, this Court clearly held that tribal courts do not have jurisdiction over ERISA claims. See Doc. No. 16. Under 29 U.S.C. § 1132(e)(1) federal courts and state courts have jurisdiction over ERISA claims. Congress has not granted tribal courts jurisdiction over ERISA claims. The Court hereby incorporates by reference its analysis as to the Tribal Court's lack of jurisdiction over ERISA claims as contained in its order on the Defendants' motion to dismiss.

The Court unequivocally held that the Tribal Court lacks jurisdiction over Meilstrup's ERISA claim. The Defendants note their disagreement with the Court's previous order and continue to argue that the ERISA claim belongs in Tribal Court. The Defendants cannot evade the

Court's prior order finding that tribal courts lack jurisdiction over ERISA claims. Any ERISA claim purportedly raised in the Tribal Court litigation does not deprive this Court of its jurisdiction, nor does it provide reason for this Court to abstain from exercising its jurisdiction while a court that lacks jurisdiction rules on the issue. A stay would be futile because the Tribal Court plainly lacks jurisdiction over Meilstrup's ERISA claim. Any rulings from the Tribal Court pertaining to Meilstrup's ERISA claim have no effect on this case. Staying this case would cause unnecessary delay and would prejudice the Plaintiff. Therefore, the Court denies the Defendants' motion to stay.

## III.  **CONCLUSION**

The Court has carefully reviewed the parties' briefs and the relevant case law.  In the exercise of its discretion, the Court finds the Defendants have failed to demonstrate that a stay pending the resolution of the Tribal Court action is warranted under the circumstances. Accordingly, the Defendant's motion for stay (Doc. No. 31) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2026.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court