**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jay Meilstrup, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Standing Rock Sioux Tribe, | ) | Case No. 1:25-cv-162 |
| Standing Rock Tribal Council, | ) | |
| and Ryan Hertle, | ) | |
| | ) | |
| Defendants. | ) | |

On June 26, 2026, the parties participated in a telephone conference with the undersigned as required by D.N.D. L.R. 37.1 in an effort to resolve a discovery dispute. (Doc. No. 48). At the conclusion of the status conference, the court authorized Plaintiff to file a Motion to Compel within 10 days. The court further instructed that Defendants should file their response to Plaintiff's motion within 7 days of service and that Plaintiff would thereafter have 5 days to reply.

On July 2, 2026, Plaintiff filed a Motion to Compel along with a 41-page supporting memorandum and six exhibits. (Doc. Nos. 50 and 53). On July 6, 2026, Plaintiff filed a Motion for Leave to Exceed Page Limits. (Doc. No. 54). Therein it requested that the court accept its 41-page supporting memorandum, averring that it could not adequately address the discovery in dispute within the standard limit of 20 pages for nondispositive motions.

On July 6, 2026, Defendants filed an Expedited Motion to Strike. (Doc. No. 56). They assert that Plaintiff's 41-page supporting memorandum should be stricken as it exceeds the 20-page limit on non-dispositive motions, *see* D.N.D. Civ. L.R. 7.1(A)(2), was filed by Plaintiff without first obtaining leave of court to exceed the 20-page limit, and discusses matters about which the parties

have yet to meet and confer.

On July 6, 2026, Plaintiff filed a response in which he noted that he has filed a motion requesting the court's permission to exceed the 20-page limitation for non-dispositive motions and further averred that the court hs authorized him to file a motion to compel addressing all discovery issues given the parties' apparent impasse.

At the status conference on June 26, 2026, Defendant asserted that the parties had yet to meet and confer about all of their objections to Plaintiff's discovery requests. The court nevertheless authorized Plaintiff to file a motion to compel after holding a status conference with the parties. Given all that has transpired, the court is disinclined to strike Plaintiff's supporting memorandum due to the parties' past failures to meet and confer about all discovery issues now before the court and ostensibly require the parties to start from scratch.

Plaintiff's Motion for Leave to Exceed Page Limits (Doc. No. 54) is **GRANTED**. Defendants' Motion to Strike (Doc. No. 56) is **DENIED**. Defendants shall have seven days from the date of this order to file a response up to 41-pages in length to Plaintiff's Motion to Compel.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court