**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jay Meilstrup, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Standing Rock Sioux Tribe, Standing Rock Tribal Council, and Ryan Hertle, | ) | Case No. 1:25-cv-162 |
| | ) | |
| Defendants. | ) | |

---

On July 16, 2026, Plaintiff filed a Motion for Summary Judgment along with a request for a hearing. (Doc. Nos. 67 and 70).

On August 3, 2026, Defendants filed a Motion to Strike or Defer Consideration of Motion for Summary Judgment and to Modify Scheduling Order. (Doc. Nos.,75 and 76). They asserted that Plaintiff wrongly delayed his deposition for over two months and refused to answer questions when he finally sat for a deposition, effectively preventing them from completing it. They further asserted that Plaintiff's Motion for Summary Judgment was "procedurally insufficient" as it contains false and/or unsupported factual allegations. They requested that the court strike or deny Plaintiff' Motion for Summary Judgement, or, in the alternative, defer consideration of Plaintiff's Motion for Summary Judgment until either 30 days after the parties receive the transcript of Plaintiff's deposition or September 30, 2026, whichever is later. They further requested that the court extend the dispositive motion deadline until September 30, 2026, and convene a scheduling conference to reset deadlines.

On August 4, 2026, Plaintiff filed a response to Defendants' Motion to Strike or Defer Consideration of Motion for Summary Judgment and to Modify Scheduling Order. (Doc. No. 78).

Therein he intimated Defendants' request to defer consideration of his Motion for Summary Judgment was premature as his deposition transcript had been produced and Defendants' deadline for responding to his Motion for Summary Judgment was weeks from lapsing. However, he did acknowledged that his deposition had been "left open" or paused.

On August 5, 2026, the court convened a status conference to discuss, inter alia, Defendants' efforts to complete Plaintiff's deposition. (Doc. No. 83). On August 6, 2026, the court issued an order directing the parties to complete Plaintiff's deposition by September 4, 2026. (Doc. No. 86). It is the court's understanding that the parties reconvened on August 27, 2026, to complete Plaintiff's deposition.

Meanwhile, on August 7, 2026, Defendants filed a reply in support of their motion. (Doc. No. 85). Therein they asserted Plaintiff did not respond with any meaningful argument to their motion, reiterated their position that Plaintiff's Motion for Summary Judgment is procedurally insufficient, and reasserted that the deadline for dispostive motions should be extended.

On August 7, 2026, Plaintiff filed a Motion for Leave to File Additional Response to Defendants' Pending Motions. (Doc. No. 86). Averring that he hastened to file a response to Defendants' Motion to Strike or Defer Consideration of Motion for Summary Judgment and to Modify Scheduling Order prior to the status conference on August 5, 2026, he requests that he be permitted to now file an additional, more considered response. On August 14, 2026, he proceeded to file this additional response. (Doc. No. 88).

Plaintiff's Motion for Leave to File Additional Response to Defendants' Pending Motions (Doc. No. 86) is **GRANTED**. Defendants' Motion to Strike or Defer Consideration of Motion for Summary Judgment and to Modify Scheduling Order (Doc. No. 75) is **GRANTED IN PART AND**

**DENIED IN PART**. Specifically, Defendants' request to strike Plaintiff's Motion for Summary Judgment is **DENIED**. Defendants' alternative request to defer consideration of Plaintiffs' Motion for Summary Judgment is construed as a request for additional time to file a response, which is **GRANTED**. Defendants' request to extend the dispostive motion deadline (Doc. No. 76) is also **GRANTED**. Defendants shall have until September 30, 2026, to file a Motion for Summary Judgment and a response to Plaintiff's Motion for Summary Judgment. Plaintiff shall have until October 21, 2026, to file a response to any Motion for Summary Judgment filed by Defendants and as well as a reply to Defendants' response to his Motion for Summary Judgment. Plaintiff's request for a hearing on his Motion for Summary Judgment (Doc. No. 70) is **DENIED** without prejudice. Defendants' request for a scheduling conference (Doc. No. 76) is **DENIED**.[1]

To ensure there is sufficient time to consider Plaintiff's Motion for Summary Judgment and any Motion for Summary Judgment filed by Defendants, the court on its own motion shall continue the final pretrial conference and bench trial. Accordingly, the final pretrial conference on November 24, 2026, shall be rescheduled for April 6, 2027, at 9:00 AM by telephone. To participate in the final pretrial conference, the parties should call (571) 353-2301 and enter access code 292466149 followed by # when prompted to enter the "Call ID." The bench trial on December 7, 2026, shall be rescheduled for April 19, 2027, at 9:00 AM in Bismarck before Judge Hovland (2 days).

**IT IS SO ORDERED.**

Dated this 4th day of September, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

[1] The court recently contacted to the parties about scheduling a status conference to discuss the parties' pending motions and formulate a plan going forward. Unable to find a date that works for everyone, the court has opted to forego a status conference and instead provide the parties with a briefing schedule.